IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN PERSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-0222 |
| | : | |
| JAMES WYNDER, et al. | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.** **September 23, 2005**

Stephen Person, who is serving a life sentence at State Correctional Institution at Dallas, Pennsylvania, asks this Court to reject the Report of Magistrate Judge Peter B. Scuderi which recommends dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254[1] as time-barred. After a careful and independent review pursuant to 28 U.S.C. § 636, this Court cannot overcome the one-year time bar of the Antiterrorism and Effective Death Penalty Act (AEDPA).[2]

[1]28 U.S.C. § 2254. State custody; remedies in Federal courts

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(I) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant . . .

[2] Pub .L. No. 104-132, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. §§ 2241-2255).

For that reason, I will approve the Report and Recommendation dismissing Person's petition. I write separately solely to consider Person's objections to the Report and Recommendation.

Person was convicted of first-degree murder and other offenses and sentenced to life in prison in 1990, after an altercation in which he and two others shot at three brothers on the streets of Philadelphia, killing one of the brothers. Person's petition and his objections to the Magistrate Judge's Report and Recommendation claim jurors of color were eliminated from his jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), and the trial judge failed to properly charge the jury on the requirement that an accomplice share the specific intent to kill.

Person's direct appeals became final in 1992, after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time to seek writ of certiorari expired. On July 26, 1993, Person filed a *pro se* petition for state collateral relief. On October 4, 1994, the post-conviction court dismissed Person's petition and allowed counsel to withdraw under *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). On May 2, 1995, the Pennsylvania Superior Court dismissed Person's appeal for failure to file a brief. Person's second petition for collateral was dismissed after a second *Finley* letter on July 12, 1996; Person did not appeal.

Almost five years later, Person filed a petition for writ of heabeas corpus in the Pennsylvania trial court. The court dismissed the petition on April 29, 2002, finding state habeas petitions subsumed in the Post Conviction Collateral Relief (PCRA), 42 Pa.C.S. § 9541 *et seq.* statute. The Superior Court denied Person's attempt to appeal on May 29, 2002 as did the state Supreme Court on August 11, 2003. Person filed the instant petition January 4, 2005.

**DISCUSSION**

AEDPA establishes a one-year statute of limitations period for state prisoners seeking federal

habeas relief under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1).[3] A petitioner must file a federal habeas petition within one year from the date the state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). In the Third Circuit, "petitioners whose convictions became final before the enactment of AEDPA's statute of limitations on April 24, 1996 have until one year from the enactment of the habeas statute of limitations to file their petitions." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1811 (2005).

The AEDPA's one-year limitations period for filing a federal habeas petition is subject to both statutory and equitable tolling. 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). In fact, the AEDPA expressly prescribes statutory tolling of its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because the state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and he is not entitled to statutory tolling under §

---

[3] Section 2244(d)(1) provides:

> A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment for filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2244(d)(2); *Pace*, 125 S.Ct. at 1814.

Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Miller v. N. J. Dept. of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). Furthermore, the Third Circuit has cautioned courts to apply the doctrine of equitable tolling sparingly, in particular "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (citing *Alvarez-Machain v. United States*, 96 F.3d 1246, 1251 (9th Cir. 1996)).[4]

To warrant equitable tolling, the petitioner must prove he has in "some extraordinary way been prevented from asserting his . . . rights" and he "exercised reasonable diligence in investigating and bringing [the] claims." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). In non-capital cases, the Third Circuit held "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* Lack of diligence also precludes equity's operation. *Pace,* 125 S. Ct. at 1815.

In this case, Person's conviction became final in 1992. From 1992 to 1996, Person's two petitions for collateral relief[5] were properly filed. The one-year time bar of AEDPA was enacted in April, 1996. Although AEDPA does not provide a grace period, the Third Circuit implied a one-year grace period for petitioners whose convictions became final before the effective date of the AEDPA. *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (holding "habeas petitions filed on or

---

[4]The Supreme Court has not decided whether equitable tolling applies to AEDPA's statute of limitations, but was willing to assume it was in a case in which it made no difference. *Pace v. DiGuglielmo*, 125 S. Ct. at 1815 n.8.

[5]They were, in fact, PCHA petitions under the former post-conviction hearing act, which allowed subsequent petitions. Pennsylvania Post Conviction Hearing Act (PCHA), 42 Pa.C.S. § 9541 *et seq.* (amended and renamed by Act No. 1988-47, §§ 3, 6, 1988 Pub. L. 337-342).

before April 23, 1997[] may not be dismissed for failure to comply with § 2244(d)(1)'s time limit.") Because Person's conviction became final in 1992, he would have been required to file his Section 2254 petition on or before April 23, 1997. Person filed his petition on January 18, 2005, almost eight years late.[6]

Person argues his attempt to file a habeas corpus petition in 2002 should be viewed by this Court as a "properly filed application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), tolling the one-year limitation of AEDPA. Person's attempt to file a state habeas petition in 2002 was long after it became settled law in Pennsylvania that the PCRA was the sole route to collateral relief. *Commonwealth v. Lantzy,* 736 A.2d 564, 569 (Pa. 1999) (holding "the PCRA is intended to provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including habeas corpus."); *see also Commonwealth ex rel. Dadario v. Goldberg*, 773 A.2d 126, 131 (Pa. 2001) (holding "where a remedy is available under the PCRA, one may not seek relief outside of the PCRA."). Pennsylvania courts may properly treat a state petition for habeas corpus as a PCRA petition. *Commonwealth v. Lusch*, 759 A.2d 6, 9 (Pa. Super. 2000). Pennsylvania has also imposed a time limit for collateral relief.[7] A state prisoner

---

[6]The Third Circuit has held " twenty-one months of inactivity involved here crosses the line of what constitutes due diligence for purposes of employing that principle to save an otherwise untimely filing." *LaCava v. Kyler,* 398 F.3d 271, 279 (3d Cir. 2005).

[7]The amended statute states that "[a]ny" postconviction petition, "including a second or subsequent petition, shall be filed within one year" from the date the petitioner's conviction becomes final. 42 Pa.C.S. § 9545(b)(1). The three exceptions apply if: governmental interference prevented filing; a new constitutional rule is made retroactive; or, new facts arise that could not have been discovered through due diligence. 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). A statutory note provides that the 1995 amendments "shall apply to petitions filed after [January 16, 1996]; however, a petitioner whose judgment has become final on or before [January 16, 1996] shall be deemed to have filed a timely petition . . . if the petitioner's first petition is filed within one year of [January 16, 1996]." Statutory Note on § 9545(b).

whose conviction became final before January 16, 1996, had until January 17, 1997 to file his **first** petition for collateral relief. Person's first PCHA petition was filed in 1993 so he was not eligible for the one-year grace period for a state PCRA. *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004).

In Pennsylvania, the time limit of the PCRA is jurisdictional, subject to tolling only for the three enumerated exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii); *Commonwealth. v. Fahy,* 737 A.2d 214, 222 (Pa. 1999). Person argues the state courts' refusals to consider his state habeas petition was an official interference, which should entitle him to equitable tolling under AEDPA. Pennsylvania's consistent application of Pennsylvania law to Person's attempts to file state habeas petitions falls far short of the extraordinary circumstances demanded by *Fahy v. Horn*. An untimely petition is not "properly filed" under AEDPA. *Merritt*, 326 F.3d at 166.

Person also argues he retains a right to petition for a writ of habeas corpus or petition for redress of constitutional wrongs without reference to the time bar of AEDPA. He sees constitutional wrongs in the trial judge's charge to the jury on accomplice liability and in his *Batson* claim. Person misreads the law. He could have and should have raised his two claims in a timely fashion; his failure to do so prevents this Court from considering them now.

Person did not complain about the accomplice liability instruction on direct appeal or in his PCRA petition. This Court may only consider unexhausted claims which are barred by state procedure if Person could show: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that a "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Taylor,* 501 U.S. 722, 750 (1990). Further, the "fundamental miscarriage of justice" exception to procedural default has been narrowly interpreted

to apply only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

The charge that the trial court gave on accomplice liability lacked the instruction that an accomplice must have acted with the specific intent of promoting or facilitating the commission of a willful or deliberate killing. *Commonwealth v. Cox*, 863 A.2d 536, 551 (Pa. 2004). The trial court's charge detailed effectively the meanings of intent to kill, malice and the degrees of homicide. N.T. 3/26/1990. pp. 165-77. The court included a charge that specific intent to kill can be inferred from the use of a deadly weapon upon a vital part of the victim's body. *Commonwealth v. Fletcher,* 750 A.2d 261, 267 (Pa. 2000). The evidence in the case is overwhelming that Person was at the scene of the shooting, was armed and fired his weapon. The error in the charge, omitting the required shared intent to kill in the charge on accomplice liability, has not "probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Thus, the exception to procedural default for a fundamental miscarriage of justice does not apply. Person's claim regarding the accomplice liability instruction is unexhausted and this Court may not consider it.

Person raised his *Batson* claim on direct appeal. Even though Person has exhausted his state remedies on the *Batson* claim, thus fulfilling one of the requirements under Section 2244, he cannot overcome the time bar of AEDPA. Even if the claim were not time-barred, it would be without merit. A federal court can grant an application for a writ of habeas corpus only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Yarborough v. Alvarado,* 124 S. Ct. 2140, 2144 (2004).

The Supreme Court held a federal court must first decide what is the applicable clearly

established law. *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *see also Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000). The court must then determine whether the state court's decision was "contrary to" or "an unreasonable application of" that law. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 391. The Supreme Court distinguished the two clauses of Section 2254(d)(1), holding that "a decision by a state court is 'contrary to' our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams*, 529 U.S. at 405-06. "[A] run-of-the mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Id.* at 406. An "unreasonable application" occurs when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts" of the petitioner's case. *Id.* at 413. Person must show the state court applied the controlling legal principle to the facts of his case in an objectively unreasonable manner. *Price v. Vincent,* 538 U.S. 634, 641 (2003).

The Third Circuit has held that Section 2254(d)(2) requires a review of the record to determine whether the state court's findings were unreasonable in light of the state court record. *Williams v. Price*, 343 F.3d 223, 234 (3d Cir. 2003). Here, the Superior Court affirmed the trial court, which found non-discriminatory reasons for the prosecution strikes. *Commonwealth v. Person*, 606 A.2d 1232 (Pa. Super. 1991) (table). On direct appeal, the Superior Court held the trial court correctly analyzed the *Batson* claim and the prosecutor's explanations for striking members of the venire panel. This Court would find Person's *Batson* claim was not contrary to or an unreasonable application of Supreme Court precedent even if it were not time-barred.

Person argues his *Batson* claim is too significant to be allowed to go uncorrected and that

doing so creates a manifest injustice. Petr.'s Br. 17-18. The Third Circuit has not defined manifest injustice. Definitions from other courts vary. *Tennessee Protection & Advocacy, Inc. v. Wells,* 371 F.3d 342, 348 (6th Cir. 2004) (defining manifest injustice as "[a]n error in the trial court that is direct, obvious, and observable."); *Ellis v. United States*, 313 F.3d 636, 648-49 (1st Cir. 2002) ("[A] finding of manifest injustice requires a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong."); *United States v. Tapia,* 761 F.2d 1488, 1491-92 (11th Cir. 1985) (defining manifest injustice as requiring "a finding that the evidence on a key element of the offense is so tenuous that a conviction would be shocking"); *Piper v. U.S. Dept. of Justice*, 312 F.Supp.2d 17, 22 (D.D.C. 2004) (reasoning "[l]ike the clear error standard, courts have not precisely defined what constitutes manifest injustice. . . . Indeed, there is even less case law on the books giving meaning to 'manifest injustice' than to 'clear error.'"); *Reed v. Binder,* 165 F.R.D. 424, 427 (D.N.J. 1996) (regarding the civil rule standard reasoned "the cases do not provide an acceptable working definition of the phrase – but clearly it is a stringent standard.").

The evidence in this case – that three weapons were involved and that Person was one of three people firing toward the deceased – is cumulatively strong. The credibility of the only witness who said Person did not have a gun was so shaky he objected to her testimony at trial and on appeal. For that reason this Court cannot conclude the verdict was obviously wrong or that the conviction is shocking. Person cannot meet the stringent standard by which this Court could find manifest injustice.

Accordingly, I enter the following:

**ORDER**

And now this 23rd day of September, 2005, upon careful and independent consideration of the petition for a writ of habeas corpus, and after review of the Report and Recommendation of

United States Magistrate Judge Peter B. Scuderi, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;
2. The petition for a writ of *habeas corpus* is DENIED with prejudice;
3. There is no probable cause to issue a certificate of appealability; and,
4. The Clerk of the Court shall mark this case closed for statistical purposes.

BY THE COURT:

\s\ Juan R.Sánchez

Juan R. Sánchez, J.